# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0312-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.W.A.,[1]

     Defendant-Appellant.

_____

> Submitted January 27, 2021 – Decided April 23, 2021
>
> Before Judges Accurso and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-06-1180 and Accusation No. 11-07-1347.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief

---

[1] We use initials to protect the privacy of the minor victims in this matter. R. 1:38-3(c)(12).

Appellate Attorney, of counsel; Dina R. Khajezadeh, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.W.A. appeals from a July 11, 2019 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm, substantially for the reasons outlined in Judge Guy P. Ryan's thoughtful and comprehensive written opinion.

On July 24, 2010, defendant was indicted and charged with various sexual offenses. On July 19, 2011, a few weeks before his trial was due to commence, defendant successfully moved to be removed from the trial list under a plea cutoff exception. Consistent with his plea agreement, defendant pled guilty to two counts of first-degree aggravated sexual assault against a victim less than thirteen years old, N.J.S.A. 2C:14-2A(1), one count of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2A, one count of second-degree sexual assault, N.J.S.A. 2C:14-2B, and one count of fourth-degree possession or viewing items depicting the sexual exploitation or abuse of a child, N.J.S.A. 2C:24-4B(5)(B). In exchange for defendant's guilty pleas, the State agreed to recommend dismissal of thirteen counts of the indictment, including multiple counts of first degree aggravated sexual assault. According to defendant's plea agreement, the

2

State also recommended that defendant serve an aggregate sentence of thirty years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

During his plea colloquy, defendant admitted he committed various sexual acts against his daughter, niece and nephews, all of whom were under the age of thirteen at the time of his offenses. These acts are graphically detailed in Judge Ryan's opinion and need not be repeated here. Additionally, defendant admitted he possessed or viewed images or photos on his computer which depicted children engaging in prohibited sexual acts. On July 29, 2011, defendant entered into a separate plea agreement whereby he pled guilty under an accusation to one count of second-degree endangering the welfare of child, N.J.S.A. 2C:24-4(b)(4). The victim referenced in the accusation was not related to defendant.

On February 3, 2012, the sentencing judge imposed a fifteen-year term for one count of first-degree aggravated sexual assault, subject to NERA, parole supervision for life, compliance with registration and reporting restrictions as prescribed by Megan's Law, N.J.S.A. 2C:7-1 to -11, and a prohibition from having contact with his victim, as prescribed by Nicole's Law, N.J.S.A. 2C:44-8. The judge ordered this sentence to run concurrent with an eighteen-month sentence on the child pornography offense. Also, the judge imposed fifteen-year terms on the three remaining offenses under the indictment, to run

A-0312-19

concurrent to each other, but consecutive to the initial sentences he imposed, resulting in an aggregate thirty-year prison term, consistent with his plea agreement. Additionally, on February 3, 2012, defendant was sentenced on the endangering offense under the accusation. The judge imposed a seven-year term, subject to NERA, to run concurrent to the sentences imposed under the indictment. Defendant did not appeal from his convictions or sentence.

On January 25, 2018, defendant filed a deficient pro se PCR petition. He was ordered to clarify his petition. He initially failed to comply with this order, but after the trial court issued an order indicating it would dismiss his petition unless defendant amended it, defendant filed an amended petition on November 7, 2018. Thereafter, he was assigned PCR counsel and submitted an untimely brief. The State moved to dismiss his petition as time barred.

On July 2, 2019, Judge Ryan held a non-evidentiary PCR hearing. Defendant acknowledged his PCR petition was filed more than five years after the entry of his judgment of conviction, contrary to Rule 3:22-12(a)(1). Nonetheless, he argued the delay was attributable to excusable neglect, considering he suffered from documented heart issues in late May 2016. He also contended an injustice would result if Judge Ryan did not relax the time limits because he was incarcerated at the Adult Diagnostic and Treatment

4

Center, and any delay in his filing was not so extensive or prejudicial to the State as compared to other matters. Moreover, he argued his trial counsel was ineffective for failing to argue in favor of mitigating factors or advise the sentencing judge that defendant's excessive use of alcohol impaired his judgment at the time of his offenses. Defendant claimed if trial counsel had been effective, defendant could have avoided the imposition of consecutive sentences. Further, defendant contended his sentence was excessive and that he was entitled to have it reduced because he was a "model prisoner."

During argument, PCR counsel conceded, "[o]bviously, there was no [direct] appeal and there should've been. Clearly, it was a sentencing issue. However, I feel that the attorney in this case did not address that issue properly at the time of sentencing and therefore, the [c]ourt gets that opportunity now to address that issue[.]"

On July 11, 2019, Judge Ryan dismissed defendant's PCR petition, finding he did "not have the authority to review the merits of an untimely claim." The judge found the PCR petition was filed one year later than allowed and that defendant's excusable neglect arguments were "baldly allege[d]" because "no evidence or supporting documents" supported his claims. Judge Ryan added:

> [t]he reasons offered by [defendant] for relaxing the
> time limitation do not satisfy the requirements of [Rule]

A-0312-19

3:22-12(a)(1)(A) . . . . [Defendant's] incarceration in Avenel is not an excuse for failing to file a petition for post-conviction relief within the time limits of the rule . . . . Further, the fact that his delay in filing is allegedly not as extensive when compared to other matters does not excuse his own failure to file his petition for post-conviction relief within the [five-]year window.

Regarding defendant's argument that his health issues supported a finding of excusable neglect, Judge Ryan acknowledged defendant had a heart condition, but found "nothing in the documents submitted . . . shows why [he] failed to file his petition before the five-year window closed in January 2017, seven months from the May/June time frame purported to be the period in which [defendant] was recovering from his heart procedure." Although Judge Ryan determined defendant failed to establish a reason for relaxing the time bar, he nonetheless considered the merits of the PCR petition.

Regarding defendant's ineffective assistance of counsel claim, Judge Ryan found defendant's proofs lacking. The judge explained:

[defendant] offers nothing to substantiate his claim that additional mitigating factors should have been argued. [Defendant] acknowledges the court took note of mitigating factor number seven [N.J.S.A. 2C:44-1(b)(7)], but he seems to suggest others might have existed without providing any evidentiary support for the same . . . . Defense counsel, in fact, at the time of sentencing, proffered other facts to the sentencing judge (defendant's service as a firefighter and his remorse), even though these facts do not squarely

6

satisfy any mitigating factors. [Defendant] makes a bald assertion regarding the effectiveness of his counsel's representation.

Regarding defendant's contention he should be resentenced, Judge Ryan found defendant was not asserting his innocence nor seeking to vacate his plea but claiming his trial counsel was ineffective for failing to challenge his excessive sentence. On this point, Judge Ryan determined defendant offered "nothing to substantiate this claim." Further, the judge concluded defendant "ignore[d] the fact he signed not one, but two sets of plea forms on two different dates, which clearly set forth the State was seeking a net sentence of [thirty] years subject to NERA." Judge Ryan also recounted the sentencing judge's observations that defendant's offenses involved a number of victims over a long period of time and the victims were "not only abused but forced to abuse each other." Under these circumstances, Judge Ryan concluded the sentencing judge "had the authority to sentence [defendant] to consecutive sentences, especially because that [result] was contemplated by the [first] plea agreement." Lastly, Judge Ryan found any excessive sentence argument should have been raised by defendant on direct appeal, rather than on a PCR petition. Accordingly, Judge Ryan denied the PCR petition, determining none of defendant's claims had merit,

7

he had not established a prima facie case of ineffective assistance of counsel, and an evidentiary hearing was unwarranted.

On appeal, defendant raises the following arguments:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY FOR MITIGATING FACTORS AND CONCURRENT SENTENCES.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFEDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Where, as here, a PCR court does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). The record here establishes defendant's PCR petition was properly denied as time barred and lacked substantive merit.

Rule 3:22-12 (a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

A claim of excusable neglect requires "more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). To avoid the time bar in Rule 3:22-12(a)(1), a defendant must show the failure to file a petition within the time required was due to "compelling, extenuating" or "exceptional circumstances." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting State v. Milne, 178 N.J. 486, 492 (2004)). In determining whether a defendant has made the required showing, the court must consider: (1) "the extent and cause of the delay"; (2) "the prejudice to the State"; and (3) "the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant's judgment of conviction was entered on February 3, 2012. He filed his petition approximately six years later, on January 25, 2018. Although

defendant argues, as he did before Judge Ryan, that his delay in filing was attributable to excusable neglect, we concur with the judge that defendant failed to establish why his health issues prevented him from timely filing his petition. Moreover, defendant's counsel conceded, "[c]andidly there's nothing in these records that's going to show a prevention . . . other than the natural convalescent period . . . after any kind of surgery, any kind of heart condition. So, there's nothing that I can show you that says after this particular event that he was prohibited from doing anything[.]"

Defendant also is unable to show that enforcement of the time bar would result in a reasonable probability of fundamental injustice, as he has not demonstrated a prima facie case of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58-59 (adopting the two-prong Strickland test in New Jersey).

Additionally, "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that,

but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)). Stated differently, a defendant claiming ineffective assistance of plea counsel must also demonstrate that but for counsel's errors, "it would have been rational under the circumstances" to reject the plea bargain and proceed to trial. State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Contrary to defendant's assertions, the record establishes that none of the asserted grounds for ineffective assistance of plea counsel has merit. In taking defendant's plea, the trial court confirmed defendant: had reviewed the charges and the plea forms with counsel; understood the charges to which he was pleading guilty; was pleading guilty freely and voluntarily; and understood pursuant to his plea agreements that the State recommended he serve an aggregate thirty-year sentence, subject to NERA (instead of the seventy-one-and-a-half-year prison term for which he had exposure under the indictment alone). Moreover, as Judge Ryan noted, at sentencing, defendant's trial counsel presented relevant factors to mitigate defendant's sentence, including that defendant was undergoing treatment, had expressed remorse for his offenses,

suffered from alcohol-related issues for thirty years, and had "given a lot to his community as a fireman and as a volunteer." Further, as Judge Ryan noted, defendant "offer[ed] nothing to substantiate his claim that additional mitigating factors should have been argued." Under these circumstances, we perceive no basis to disturb Judge Ryan's finding that defendant failed to meet the Strickland prongs and did not establish that but for trial counsel's errors, defendant would not have pled guilty and would have insisted on going to trial.

We also agree with Judge Ryan that defendant's excessive sentencing claim should have been raised on direct appeal rather than by an application for PCR relief. Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3. on R. 2:10-3 (2021). See also State v. Pierce, 115 N.J. Super. 346, 347 (App. Div. 1971); State v. Clark, 65 N.J. 426, 437-38 (1974) ("The rule is . . . fairly established that mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief and can only be raised on direct appeal from the conviction.").

We also reject defendant's claim that the PCR court erred in not conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a PCR petition only when he establishes a prima facie case and "there

are material issues of disputed fact that cannot be resolved by reference to the existing record." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. Brewster, 429 N.J. Super. at 401 (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). As previously discussed, the existing record provides an adequate basis for Judge Ryan's finding that defendant did not establish a prima facie case of ineffective assistance of counsel and, therefore, no evidentiary hearing was required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0312-19